IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

| | |
|---|---|
| Advanced Surgical Concepts Limited and Atropos Limited,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>Intuitive Surgical, Inc.,<br><br>　　　　　　Defendant. | Civil Action No. 1:26-cv-11010<br><br><br><br>**Jury Trial Demanded** |

### Complaint for Patent Infringement

Plaintiffs Advanced Surgical Concepts Limited and Atropos Limited (together, "ASC") bring this action for patent infringement and declaratory judgment against Defendant Intuitive Surgical, Inc. ("Intuitive") for infringement of ASC's patents.

### Nature of the Action

1.　　Frank Bonadio has been developing medical devices since 1981, when he began working for American Hospital Supply Corporation (AHSC). At AHSC, Mr. Bonadio was first exposed to the broad area of Endoscopic surgery, of which laparoscopy, hysteroscopy, colonoscopy, and others are a subset. Having held a number of other positions in the United States, all involving endoscopy, he moved to Ireland in 1991 to take up a position at Trinity College Dublin as a research fellow managing a post graduate program in Biomedical Engineering. In 1994, he incorporated a number of medical device companies—Encoret Limited, Medtech Limited, and Gaya Limited—all of which were primarily involved in developing and commercializing proprietary laparoscopic surgical access devices.

—1—

2.    In 1998, Mr. Bonadio incorporated ASC and continues to work as its CEO to this day. ASC has spent the last 28 years developing and commercializing its proprietary laparoendoscopic surgery devices, including laparoendoscopic single site ("LESS") surgery devices. These minimally invasive, multi-instrument access devices enhance efficiency and improve patient healing and recovery in LESS surgery, a now-common surgical technique used in general surgery, urology, gynecology, and other fields.

3.    Since the release of its first LESS device in 2007, ASC has continued to develop and expand its portfolio of LESS devices. ASC's products today include the TriPort+, TriPort 15, and QuadPort+ Laparoscopic Instrument Port. *See* https://advancedsurgical.ie/less-devices/.

4.    ASC's innovations over the last few decades have made LESS surgery as performed today possible. The U.S. Patent & Trademark Office has recognized ASC's innovations by awarding ASC's scientists, including its CEO Mr. Bonadio and others involved in developing ASC's technology, more than 50 patents directed to systems and methods for creating and maintaining access to the abdominal cavity through a single-site incision for introducing multiple instruments.

5.    Intuitive approached Mr. Bonadio and ASC about adapting ASC's pioneering LESS surgical devices for use with Intuitive's surgical robots. After years of gathering confidential information from ASC and studying its published patents and technology, Intuitive misused this inside information to design and market its own devices for robotic LESS surgery rather than license ASC's intellectual property or otherwise compensate ASC for its inventions. This action seeks damages and injunctive relief for Intuitive's making, using, selling, offering for sale, and importing devices that infringe ASC's patents, including the SP Access Port Kit and SP Advanced Access Port Kit.

6.      Intuitive knew firsthand about ASC's essential contributions to the field of LESS surgery. Intuitive's theft of ASC's patented inventions has undermined the value of ASC's substantial investment in the development and commercialization of the inventions protected by ASC's patents and caused irreparable harm to ASC's business.

## The Parties

7.      Plaintiff Advanced Surgical Concepts Limited is a Private Company Limited by Shares organized under the laws of Ireland with principal offices at Unit 4, Sunnybank Centre, Upper Dargle Road, Bray, County Wicklow, A98 E339, Ireland.

8.      Plaintiff Atropos Limited is a Private Company Limited by Shares organized under the laws of Ireland with an address at Unit 4, Sunnybank Centre, Upper Dargle Road, Bray, County Wicklow, A98 E339, Ireland.

9.      Plaintiff Atropos Limited is a wholly owned subsidiary of Plaintiff Advanced Surgical Concepts Limited.

10.     Defendant Intuitive Surgical, Inc. is a publicly traded Delaware corporation registered to do business in the Commonwealth of Massachusetts. Intuitive maintains its corporate headquarters at 1020 Kifer Road, Sunnyvale, California, 94086.

11.     Defendant Intuitive Surgical, Inc. has designated C T Corporation System as its registered agent in the Commonwealth of Massachusetts, with a listed address for service of process at 155 Federal Street, Suite 700, Boston, Massachusetts, 02110.

12.     On information and belief, Intuitive has maintained a regular and established place of business in the District of Massachusetts at 722 Plantation Street, Worcester, Massachusetts, 01605.

13.    On information and belief, Intuitive employs or otherwise contracts with professionals throughout Massachusetts whose work concerns the manufacture, marketing, sale, and support of products and their components that infringe ASC's patents.

14.    On information and belief, Intuitive contracts with one or more agents to manufacture products and their components that infringe ASC's patents in Massachusetts.

15.    Intuitive Surgical, Inc. is the parent company of a multinational conglomerate that operates under the name "Intuitive" or "Intuitive Surgical," and refers to itself and its subsidiaries as the "Company." On information and belief, each member of the "Company" is a directly or indirectly wholly owned subsidiary of Intuitive, which is the parent corporation of or otherwise controls each member. These entities are collectively referred to herein as "Intuitive."

16.    On information and belief, Intuitive and each member of the "Company" is part of the same corporate structure and distribution chain, and together they have acted in concert with respect to the facts alleged herein, such that any act of Intuitive is attributable to every other member of the "Company" and vice versa.

## Jurisdiction and Venue

17.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a). This case presents a federal question under 35 U.S.C. §§ 271, 281, 284, and 285.

18.    This Court has general and specific personal jurisdiction over Intuitive because Intuitive conducts substantial business, directly and through its subsidiaries, in the Commonwealth of Massachusetts, including business central to ASC's causes of action.

19.    This Court has specific personal jurisdiction over Intuitive because ASC's claims arise, in part, from Intuitive's contacts with and activities in this District. Intuitive has infringed the asserted patents within this District, directly and through its subsidiaries, by making, using,

testing, selling, offering for sale, and importing in or into this District infringing products and their components.

20.    This Court also has general personal jurisdiction over Intuitive because Intuitive has maintained a presence in and transacts and conducts substantial business activity in this District. Intuitive regularly conducts business in, engages in other persistent courses of conduct in, and derives substantial revenue from its business activities in this District. On information and belief, Intuitive's operations in the Commonwealth have included employing personnel who support infringing products, operating one or more offices, operating one or more subsidiaries organized under Massachusetts law, and controlling and directing the manufacture of infringing products and their components in Massachusetts. Intuitive manufactures, offers for sale, and sells infringing products in this District in violation of 35 U.S.C. § 271.

21.    Venue is proper in this District under 28 U.S.C. § 1400(b) because Intuitive maintains regular and established places of business in this District and has committed acts of patent infringement in this District.

22.    Intuitive intends to do and does business in, has committed and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers in this District.

23.     On information and belief, while it has committed acts of infringement, Intuitive has maintained a regular and established place of business in this District at 772 Plantation Street, Worcester, Massachusetts, 01605.

24.    Intuitive offers products and services and conducts business in this District.  For example, Intuitive's website boasts that at least 78 physicians have conducted hundreds of

procedures in this District using Intuitive's products, including the products that infringe ASC's patents. *See* https://www.intuitive.com/en-us/physician-locator/search/search?location=massachusetts&search=physician&distance=100.

25.     To conduct this business, Intuitive employs or contracts with personnel in this District who sell, support, and maintain Intuitive's infringing products at offices rented or leased by Intuitive, or, on information and belief, at the home offices of such personnel that constitute Intuitive's regular and established place of business, at or near Intuitive's customers' surgical centers or other places of business in Massachusetts. *See, e.g.*, https://www.linkedin.com/in/mark-cahill-84b9a67/; https://www.linkedin.com/in/michael-chieco-16716099/; https://www.linkedin.com/in/megan-dowling/; https://www.linkedin.com/in/sharon-huynh-7946b8247/; https://www.simplyhired.com/job/xxKm5dJarBjKYrxd5T8vwZIGZtOexm_Q5Db_LXS9XfO2rC74pNCEeQ.

26.     On information and belief, Massachusetts-based Intuitive employees or contractors have regularly visited Intuitive's customers' surgical centers in Massachusetts to provide administrators, IT managers, and surgeons with technical support and personalized program assistance, along with performing maintenance on the infringing products.

27.     On information and belief, Massachusetts-based Intuitive employees or contractors directly train surgeons at surgical centers in Massachusetts on infringing products through an extensive four-phase training program which includes live case observations, video review, webinars, hands-on skill and tissue training, advanced simulations, test drives, peer-to-peer training, mentoring, and proctoring.

28.     As described in Intuitive's 2025 Annual Report, Intuitive's sales organization includes a clinical sales team that provides on-site support to surgeons and operating room staff,

and a capital sales team dedicated to selling systems and training providers. On information and belief, Intuitive's Massachusetts-based employees perform these functions. *See, e.g.*, https://www.linkedin.com/in/michael-chieco-16716099/.

29.    On information and belief, Intuitive has conducted recruitment activities in this District that require clinical territory associates to live in or relocate to Massachusetts. *See, e.g.*, https://www.simplyhired.com/job/xxKm5dJarBjKYrxd5T8vwZIGZtOexm_Q5Db_LXS9XfO2rC74pNCEeQ.

30.    On information and belief, Intuitive or its agent maintains a regular and established place of business in this District for conducting business involving the manufacture of products that infringe ASC's patents in this District, including at least in or near Chicopee, Massachusetts.

31.    On information and belief, Intuitive employees and contractors regularly visit the manufacturing facility located in or near Chicopee, Massachusetts, to conduct Intuitive's business and oversee the manufacture of products and components that infringe ASC's patents, including by providing technical support, training, testing, quality assurance, and instruction.

32.    On information and belief, Intuitive's manufacturing agent maintains a regular and established place of business in this District at 100 Hale Street, Newburyport, Massachusetts 01950. *See, e.g.*, https://www.sec.gov/Archives/edgar/data/914156/000117184324001413/f8k_031824.htm#:~:text=Entry%20into%20a%20Material%20Definitive,on%20a%20semi%2Dexclusive%20basis.

33.    On information and belief, Intuitive's employees and contractors regularly perform their job responsibilities at this facility in Newburyport to conduct Intuitive's business

and oversee the manufacture of products and components that infringe ASC's patents, including by providing technical support, training, testing, quality assurance, and instruction.

34.    On information and belief, Intuitive either directly engages in or enjoys the right to direct and control its agent's actions related to this manufacturing activity and exercises a high degree of interim control over these actions and day-to-day activities.

### ASC Pioneered Technology Critical to Modern LESS Surgery

35.    Traditional abdominal surgery for general, urologic, gynecologic, and other surgery involves making large incisions sometimes extending 20 cm or more. The larger the incision made to the abdominal wall, the greater the likelihood of postoperative complications such as infection, herniation, pain, and length of stay in the hospital.

36.    Laparoscopic surgery is a minimally invasive surgical technique in which a surgeon operates through several small abdominal incisions, with each incision accommodating a single instrument or camera. These incisions are significantly smaller (the size of a dime or quarter) than those used in traditional "open" surgery, resulting in shorter hospital stays, fewer wound infections, fewer post-operative complications, and faster recovery times. During the 1990s, laparoscopic surgery, commonly called "keyhole surgery," became a household name.

37.    Although laparoscopic surgery is less invasive than traditional open surgery, the medical community sought to further minimize patient scarring by using the umbilicus as a single entry point for abdominal surgery. This led to the development of single-port laparoscopy, also known as laparoendoscopic single-site (LESS) surgery. While LESS surgery further improves upon the patient outcomes of laparoscopic surgery, it introduces significant technical and procedural challenges for the operating surgeon.

38.     The limitations that exist with LESS surgery have to do in part with the devices used to gain access into the abdominal cavity.  Devices called trocars are used for this purpose and consist of an elongated cylindrical tube of fixed length that extends above and below the abdominal wall.  After removal of the sharp bladed tip, the cannula is left in place as a port for introducing laparoscopic instruments and a camera. In time, surgeons began to experiment with using trocars to conduct surgery through just one incision.  In the 1990s, several surgeons reported performing one-off LESS cases using an umbilical incision and standard trocars, but these cases were impractical for widespread adoption.

39.     During the 1990s, the approach to abdominal access shifted from trocars to an internal anchoring ring anchored to the inside of the abdominal wall. This anchoring ring connects to a sleeve which in turn connects to a valve outside the abdominal wall.  This configuration removed the need for a solid cylinder, such as a trocar, and made the access device flush with the abdominal wall on both sides and very effective in maintaining pneumoperitoneal pressure. First filed with the USPTO in 1993 by Mr. Bonadio, this design became a new standard in access technology and was later issued as U.S. Patent No. 8,752,553 to Encoret Limited before being acquired by ASC.

40.     ASC began developing new, novel, and improved methods and devices for facilitating the introduction and enhanced movement of multiple instruments in a single-site incision, ultimately creating its suite of LESS access devices, including R-Port, R-Port II, TriPort, TriPort+, QuadPort, and QuadPort+. ASC's patented techniques and LESS devices allow for more efficient and effective manual or robotic operation of instruments within a confined operative area while maintaining a controlled environment for surgery.

41.     For example, one single-site surgical innovation pioneered by ASC includes the addition of flexible connectors including proximal instrument seals, allowing for an increased range of motion during surgery.

42.     Another of ASC's innovations addresses the mobility and precision challenges found in single-site surgery when multiple instruments are used through a single entry point. In robotic single-site surgery, the main instrument cluster typically consists of multiple robotically-controlled surgical instruments inserted through a single access port that can obstruct access to the operative area, making it difficult to introduce one or more additional assisting instruments. ASC overcame this challenge by inventing an access port device that permits the introduction of an assisting instrument at a desired location relative to the main instrument cluster by, among other things, introducing a valve component with a central access port to host the main instrument cluster and an auxiliary access port for assisting instruments. ASC's inventions include an access port rotatable to different degrees relative to the central access port. This allows surgeons to move assisting instruments more easily relative to the main instrument cluster, expanding the operative field and improving visibility.

43.     In some embodiments, ASC's patented devices include an instrument working channel to maximize flexibility in instrument manipulation. Unlike conventional access ports, such as cannulas, which restricts movement and risks injury to intraabdominal structures, ASC's flexible instrument working channel allows surgeons to move instruments off the vertical axis of insertion.

44.     In May 2007, the first LESS procedures using a single-port access device were performed using a prototype of ASC's R-Port that allowed several instruments and a camera to be inserted through a single umbilical incision. These initial cases, along with others performed

in the Cleveland Clinic, were the beginning of LESS surgery. Following the impact of these early LESS cases many companies throughout the world began making single port access devices.

45.    Later that same year, in December 2007, the U.S. Food and Drug Administration approved the first of ASC's LESS devices for minimally invasive abdominal surgery.

46.    Less than a year after receiving its first FDA approval, the Cleveland Clinic's Urology and Kidney Institute used ASC's multichannel single port (R-Port) device in the first robotic single-port radical prostatectomy and nephrectomy performed on a cadaver. The Cleveland Clinic later published an account of this groundbreaking procedure. Kaouk, J. H., *et al.*, ROBOTIC SINGLE-PORT TRANSUMBILICAL SURGERY IN HUMANS: INITIAL REPORT, *BJU Int'l*, *103*(3), 366–369 (2009), *available at* https://doi.org/10.1111/j.1464-410X.2008.07949.x.

47.    Due to this breakthrough and others, ASC's LESS surgery innovations garnered recognition as one of the Cleveland Clinic's 2008 top ten innovations in medicine. *See* https://www.cleveland.com/medical/2008/11/cleveland_clinic_picks_top_10.html.

48.    ASC achieved significant success and accolades for its technology. Despite ASC's celebrated innovations, competition from Intuitive built on the theft of ASC's intellectual property and proliferation into the robotic surgical segments has substantially constrained ASC's growth, even as the LESS market has expanded exponentially in recent years.

**Intuitive Courted ASC, and then Stole ASC's Inventions to Develop Unlicensed Products**

49.    Intuitive's mission includes developing "minimally invasive robotic-assisted surgical and bronchoscopy solutions that contribute to care teams' goals of better patient care, greater efficiencies, and improved access to quality health care." https://www.intuitive.com/en-us/about-us/company/history.  Intuitive's best-selling product line is its da Vinci robotic surgical

systems, including the da Vinci single port (SP) surgical system. A key aspect of Intuitive's business model lies in providing a surgical ecosystem for its customers that includes compatible, integrated instruments and technologies. In Intuitive's words, "delivering minimally invasive care through a tightly connected ecosystem of products is core to [its] success." https://www. intuitive.com/en-us/about-us/newsroom/building-a-durable-company. This ecosystem includes access port devices—including the SP Access Port Kit and the SP Advanced Access Port Kit— manufactured and sold by Intuitive for use with the da Vinci SP surgical system.

50.     Intuitive launched its first da Vinci surgical system designed for multi-port laparoscopic surgery in 2000. But Intuitive experienced many challenges throughout the years in creating an access port device that would make its da Vinci SP system viable for LESS surgery. At a crossroads, Intuitive turned to Mr. Bonadio and ASC, ostensibly to enlist ASC to develop ASC's technology for use with its da Vinci SP system.

51.     ASC and Intuitive had several confidential meetings about ASC's devices, technology, and intellectual property that began before Intuitive had developed the capability for robot-assisted LESS surgery. During these meetings, Intuitive expressed interest in purchasing or licensing ASC's intellectual property and working with ASC to develop products for Intuitive's da Vinci robots and solicited information about ASC's products and technology. These conversations between the parties included discussion of ASC's issued and pending patents at the time as well as ASC's view towards future technology development.

52.     Despite benefitting substantially from ASC's trust and desire to build a business relationship, Intuitive did not purchase ASC's products or license its intellectual property. Intuitive instead used the knowledge it gained from studying ASC's patents and from the parties'

confidential meetings and received FDA clearance for its unlicensed SP Access Port Kit in 2020 and its unlicensed SP Advanced Access Port Kit in 2024 for urologic surgical procedures.

53.    During its development and commercialization of these infringing products, Intuitive knew or should have known that they infringed one or more of ASC's patents, including those asserted here. For at least five of ASC's patents asserted in this Complaint, ASC either identified the patent to Intuitive during the parties' confidential discussions or Intuitive's attempt to obtain its own patents faced obstacles due to citation of ASC's patents by Intuitive or the patent examiner during prosecution.

54.    On information and belief, Intuitive has installed 273 da Vinci SP systems worldwide as of the end of 2024, including in this District at UMass Memorial Medical Center and Brigham and Women's Faulkner Hospital. Intuitive's infringing SP Access Port Kits are single use and are discarded after each surgical procedure. *See, e.g.*, https://isrg.intuitive.com/node/21591/html. Each surgical procedure using a da Vinci SP system and an SP Access Port Kit made, used, or sold by or on behalf of Intuitive is thus a separate, willful act of infringement by Intuitive.

**ASC's Asserted Patents**

55.    U.S. Patent No. 7,998,068 ("'068 patent"), titled "Instrument Access Device," issued on August 16, 2011. The '068 patent names as inventors Frank Bonadio, John Butler, and Trevor Vaugh. The application leading to the '068 patent was filed on October 11, 2005, and claims ultimate priority to U.S. Provisional Application No. 60/617,094, filed on October 12, 2004. Exhibit A contains a true and correct copy of the '068 patent.

56.    U.S. Patent No. 9,271,753 ("'753 patent"), titled "Surgical Device," issued on March 1, 2016. The '753 patent names as inventors John Butler, Frank Bonadio, Trevor Vaugh,

Ronan Bernard McManus, Shane Joseph MacNally, Catherine Deegan, Alfred Cuschieri, and Alan Reid. The application leading to the '753 patent was filed on August 7, 2003, and claims priority to U.S. Provisional Application No. 60/401,760, filed on August 8, 2002. Exhibit B contains a true and correct copy of the '753 patent.

57.    U.S. Patent No. 10,405,883 ("'883 patent"), titled "Surgical Device," issued on September 10, 2019. The '883 patent names as inventors John Butler, Frank Bonadio, Trevor Vaugh, Ronan Bernard McManus, Shane Joseph MacNally, and Catherine Deegan. The application leading to the '883 patent was filed on July 24, 2017, and claims priority to U.S. Provisional Application No. 60/401,760, filed on August 8, 2002. Exhibit C contains a true and correct copy of the '883 patent.

58.    U.S. Patent No. 11,202,653 ("'653 patent), titled "Access Port Device," issued December 21, 2021. The '653 patent names as inventors Frank Bonadio, Stephen Williams, and Lucy Delores Halpin. The international application leading to the '653 patent was filed on August 26, 2016, and claims priority to U.S. Provisional Application No. 62/211,353, filed August 28, 2015. Exhibit D contains a true and correct copy of the '653 patent.

59.    U.S. Patent No. 11,771,460 ("'460 patent"), titled "Access Port Device," issued October 3, 2023. The '460 patent names as inventors Frank Bonadio, Stephen Williams, and Lucy Delores Halpin. The application leading to the '460 patent was filed on March 13, 2023, and claims priority to U.S. Provisional Application No. 62/211,353, filed August 28, 2015. Exhibit E contains a true and correct copy of the '460 patent.

60.    U.S. Patent No. 12,213,700 ("'700 patent), titled "Access Port Device," issued February 4, 2025. The '700 patent names as inventors Frank Bonadio, Stephen Williams, and Lucy Delores Halpin. The application leading to the '700 patent was filed on November 3, 2021,

and claims priority to U.S. Provisional Application No. 62/211,353, filed August 28, 2015. Exhibit F contains a true and correct copy of the '700 patent.

61.     Each asserted patent is presumed valid and enforceable under 35 U.S.C. § 282.

62.     ASC, by virtue of Advanced Surgical Concepts Limited's sole ownership of Atropos Limited and exclusive license to and rights to sublicense patents held by Atropos Limited, owns all right, title, and interest in the asserted patents, including the right to assert all causes of action involving the asserted patents and the right to any remedies for infringement, including for past damages.

## Count I
### (Infringement of U.S. Patent No. 7,998,068)

63.     ASC reincorporates the preceding paragraphs as if fully set forth herein.

64.     The '068 patent teaches an instrument access device consisting of a tubular-shaped member—also referred to as an instrument working channel—coupled to a sealing member, capable of moving in a proximal and distal direction relative to the operative area without detaching the sealing member from the instrument access device.

65.     The invention described in the '068 patent addresses the challenge of maintaining pneumoperitoneum during proximal (movement away from the operative area) and distal (movement toward or into the operative area) movement of an instrument within an access port. When used as access ports, cannulae are inserted through the abdominal wall and held in place by the tension of the abdominal wall surrounding the cannula. This tension prevents insufflation gas from escaping, thereby maintaining pneumoperitoneum in the operative area. But repeated proximal and distal movement of instruments can weaken this tension or cause the cannula to slip within or out of the incision, allowing gas to escape. These risks are exacerbated by the

rigidity of cannulae, which inherently restrict instrument movement. The '068 patent instead teaches an instrument working channel that may be inserted through the abdominal wall like a cannula to introduce instruments, but which is flexible while remaining anchored to a valve and/or seal at its distal end and to a proximal assembly secured to the abdominal wall. This configuration allows for proximal and distal movement of an instrument within the working channel while maintaining the seal necessary to preserve pneumoperitoneum.

66.    Intuitive has infringed and continues to infringe, literally or by the doctrine of equivalents, at least exemplary claim 5 of the '068 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '068 patent.

67.    Intuitive's products that infringe the '068 patent include, for example, its da Vinci SP Access Port Kit and da Vinci SP Advanced Access Port Kit.

68.    Intuitive's da Vinci SP Access Ports are designed to enable "true single incision surgery by allowing instruments, endoscope, sutures, and insufflation to be introduced through the same incision." https://www.intuitive.com/en-us/-/media/ISI/Intuitive/Pdf/davinci-sp-6-things-to-know-factsheet.pdf. Intuitive advertises improved range of motion, improved retraction strength, and an extended number of uses for endoscope and select instruments with SP Access Port. *Id*.

69.    Claim 5 of the '068 patent reads:

An instrument access device, comprising:

    a retractor assembly including

    a distal member,

    a proximal member, and

    a retracting sleeve extending between the distal member and the proximal member, wherein a retraction force of the retractor assembly is adjusted by

reducing an amount of retracting sleeve material extending between a proximal portion of the proximal member and the distal member; and

a seal member located proximal of and movably coupled to the proximal member by a connector such that the seal member is movable in a proximal and distal direction relative to the retractor assembly without decoupling the seal member from the proximal member, the connector comprising a rigid ring member coupled to the seal member.

70.    A claim chart showing an example of how Intuitive infringes the '068 patent accompanies this Complaint as Exhibit A-1.

71.    Intuitive is currently and has been an active inducer of infringement of the '068 patent under 35 U.S.C § 271(b) and a contributory infringer under 35 U.S.C § 271(c).

72.    On information and belief, Intuitive has known about the '068 patent, or should have known but was willfully blind to its existence, since at least June 4, 2014, when ASC disclosed the '068 patent to Intuitive in a technical presentation under a non-disclosure agreement. In no event is Intuitive's knowledge of the '068 patent later than the date of service of this Complaint.

73.    At least as early as Intuitive's knowledge of the '068 patent, Intuitive has indirectly infringed the '068 patent in the United States by inducement under 35 U.S.C § 271(b). Intuitive knowingly and intentionally induces infringement of the '068 patent by inducing others to make, use, offer for sale, or sell in the U.S. products or services covered by the '068 patent. Intuitive provides these products or services and provides instruction on their use to others, such as customers and partners, who provision for use, offer for sale, or sell in the U.S. products or services that directly infringe at least claim 5 of the '068 patent. *See, e.g.*, https://manuals. intuitivesurgical.com/c/document_library/get_file?uuid=38358098-3ebc-9c5d-2916-a24b38721432&groupId=73750789; https://manuals.intuitivesurgical.com/c/document_library/get_file?uuid=1aa972b4-2c00-9a6e-a525-8e8ebee387d5&groupId=73750789.

74.    Intuitive also contributes to the infringement of the '068 patent by others. Intuitive knowingly providing products and services that, when configured by Intuitive's customers, partners, agents, or affiliates, result in a system that directly infringes at least claim 5 of the '068 patent. These products and services have no substantial non-infringing uses or include one or more separate and distinct components especially made or adapted for use in infringement of the '068 patent that are not staple articles or commodities of commerce suitable for substantial non-infringing use. *See, e.g.*, *id.*

75.    ASC has complied with any applicable marking and notice provisions of 35 U.S.C. § 287 with respect to the '068 patent because ASC maintains a public web address identifying the '068 patent at https://advancedsurgical.ie/patent-information/.

76.    ASC may recover pre-suit, lost profits, and any other available damages for Intuitive's infringement of the '068 patent under 35 U.S.C § 287.

**Count II**
**(Infringement of U.S. Patent No. 9,271,753)**

77.    ASC reincorporates the preceding paragraphs as if fully set forth herein.

78.    The '753 patent teaches a surgical device consisting of a sealing member including at least three accessways to facilitate sealed access into the abdominal cavity when the axes of at least two of the accessways converge to a point below a circumferential extent of the sealing member.

79.    The invention described in the '753 patent solves the problem of maintaining pneumoperitoneum when inserting surgical instruments, or in some cases a surgeon's forearm, into the abdominal cavity by providing an apparatus for sealed access of the instrument through the seal into the cavity. The sealing member described by the '753 patent uses a dual seal

arrangement, as well as multiple accessways, to facilitate the passage of an object, such as a surgeon's forearm, through the device into the body cavity while maintaining a seal. For example, the sealing member may have three accessways, one of which is located offset from the other two accessways, to prevent leakage of insufflation gas through the sealing member.

80.     Intuitive has infringed and continues to infringe, literally or by the doctrine of equivalents, at least exemplary claim 1 of the '753 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '753 patent.

81.     Intuitive's products that infringe the '753 patent include, for example, its da Vinci SP Access Port Kit and da Vinci SP Advanced Access Port Kit.

82.     Intuitive markets its SP Access Ports as enabling "true single incision surgery by allowing instruments, endoscope, sutures, and insufflation to be introduced through the same incision." https://www.intuitive.com/en-us/-/media/ISI/Intuitive/Pdf/davinci-sp-6-things-to-know-factsheet.pdf. Intuitive advertises improved range of motion, improved retraction strength, and an extended number of uses for endoscopes and select instruments. *See id*.

83.     Claim 1 of the '753 patent reads:

A surgical device, comprising:

    a longitudinal axis;

    a distal ring;

    a proximal ring;

    a wound retracting sleeve extending between the proximal ring and the distal ring and movable from an insertion configuration to a retracting configuration to retract laterally a wound opening so that an overall amount of sleeve extending between the distal ring and the proximal ring is less in the retracting configuration than in the insertion configuration, an opening through the wound retracting sleeve approaching a diameter of at least one of the distal ring and proximal ring as the would retracting sleeve moves from the insertion configuration to the retracting configuration, and an axial

extent between the distal ring and the proximal ring being shorter in the retracting configuration than in the insertion configuration; and

a sealing member coupled to the proximal ring, the sealing member including

a dome shape when in use, and

at least three accessways on the dome shape to facilitate sealed access through the retracted opening, the accessways being located an axial distance proximal the proximal ring and configured to seal surgical instruments extending through the accessways, axes of at least two of the accessways converging to a point, the point being located below a circumferential extent of the sealing member, wherein the axes of at least two of the accessways and an axis of the sealing member are coplanar.

84.    A claim chart showing an example of how Intuitive infringes the '753 patent accompanies this Complaint as Exhibit B-1.

85.    Intuitive currently is and has been an active inducer of infringement of the '753 patent under 35 U.S.C § 271(b) and a contributory infringer under 35 U.S.C § 271(c).

86.    On information and belief, Intuitive has known about the '753 patent, or should have known but was willfully blind to its existence, since at least March 29, 2022, when Intuitive disclosed the '753 patent to the U.S. Patent & Trademark Office in a Request for Continued Examination of Application No. 17/764,893. In no event is Intuitive's knowledge of the '753 patent later than the date of service of this Complaint.

87.    At least as early as Intuitive's knowledge of the '753 patent, Intuitive has indirectly infringed the '753 patent in the United States by inducement under 35 U.S.C § 271(b). Intuitive knowingly and intentionally induces infringement of the '753 patent by inducing others to make, use, offer for sale, or sell in the U.S. products or services covered by the '753 patent. Intuitive provides these products or services and provides instruction on their use to others, such as customers and partners, who provision for use, offer for sale, or sell in the U.S. products or services that directly infringe at least claim 1 of the '753 patent. *See, e.g.*, https://manuals.

intuitivesurgical.com/c/document_library/get_file?uuid=38358098-3ebc-9c5d-2916-a24b38721432&groupId=73750789; https://manuals.intuitivesurgical.com/c/document_library/get_file?uuid=1aa972b4-2c00-9a6e-a525-8e8ebee387d5&groupId=73750789.

88.    Intuitive also contributes to the infringement of the '753 patent by others. Intuitive knowingly provides products and services that, when configured by Intuitive's customers, partners, agents, or affiliates, result in a system that directly infringes at least claim 1 of the '753 patent. These products and services have no substantial non-infringing uses or include one or more separate and distinct components especially made or adapted for use in infringement of the '753 patent that are not staple articles or commodities of commerce suitable for substantial non-infringing use. *See, e.g.*, *id*.

89.    ASC has complied with any applicable marking and notice provisions of 35 U.S.C. § 287 with respect to the '753 patent because ASC maintains a public web address identifying the '753 patent at https://advancedsurgical.ie/patent-information/.

90.    ASC may recover pre-suit, lost profits, and any other available damages for Intuitive's infringement of the '753 patent under 35 U.S.C § 287.

## Count III
### (Infringement of U.S. Patent No. 10,405,883)

91.    ASC reincorporates the preceding paragraphs as if fully set forth herein.

92.    The '883 patent teaches a method for providing access through a wound opening by inserting into the wound opening a wound protector comprising, in part, a sealing member with a plurality of access portions (also known as valves or ports), and rotatably moving at least one of the plurality of access portions about a central longitudinal axis from a first rotational position to a second rotational position that is different from the first rotational position.

93.    The invention described in the '883 patent addresses the need for a system that facilitates the rotational movement of surgical instruments within a confined operative area. As described above, when a conventional access port, such as a cannula, is used in single-site surgery, inserted instruments suffer from severely limited mobility, including instrument crowding and lack of independent axial rotation. By enabling the rotation of an instrument(s) about a central axis, including the repositioning of at least one access port along a circular path, the '883 patent allows surgeons to dynamically shift the position and angle of approach of an instrument(s). This rotation provides a broader field of reach and enables surgeons to optimize the triangulation of tools.

94.    Intuitive has infringed and continues to infringe, literally or by the doctrine of equivalents, at least exemplary claim 1 of the '883 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '883 patent.

95.    Intuitive's products that infringe the '883 patent include, for example, its da Vinci SP Access Port Kit and da Vinci SP Advanced Access Port Kit.

96.    Intuitive's SP Access Ports are designed to enable "true single incision surgery by allowing instruments, endoscope, sutures, and insufflation to be introduced through the same incision." https://www.intuitive.com/en-us/-/media/ISI/Intuitive/Pdf/davinci-sp-6-things-to-know-factsheet.pdf. Intuitive advertises improved range of motion, improved retraction strength, and an extended number of uses for endoscope and select instruments with SP Access Port. *Id*.

97.    Claim 1 of the '883 patent reads:

A surgical method for providing access through a wound opening, the method including:

inserting a wound protector into the wound opening, wherein inserting the wound protector includes:

positioning a distal ring of the wound protector such that the distal ring is distal of the wound opening,

positioning a proximal ring assembly of the wound protector such that the proximal ring assembly is proximal of the wound opening, the proximal ring assembly having a proximal ring member and a sealing member, the sealing member having a plurality of access portions that provide access through the sealing member, and

positioning a sleeve of the wound protector in the wound opening, the sleeve extending between the proximal ring member and the distal ring; and

rotatably moving at least one of a plurality of access positions about a central longitudinal axis of the proximal ring assembly from a first rotational position relative to the proximal ring member to a second rotational position relative to the proximal ring member, wherein the first rotational position is different than the second rotational position.

98.     A claim chart showing an example of how Intuitive infringes the '883 patent accompanies this Complaint as Exhibit C-1.

99.     Additionally, Intuitive is currently and has been an active inducer of infringement of the '883 patent under 35 U.S.C § 271(b) and a contributory infringer under 35 U.S.C § 271(c).

100.    On information and belief, Intuitive has known about the '883 patent, or should have known but was willfully blind to its existence, since at least the date of service of this Complaint.

101.    At least as early as Intuitive's knowledge of the '883 patent, Intuitive has indirectly infringed the '883 patent in the United States by inducement under 35 U.S.C § 271(b). Intuitive knowingly and intentionally induces infringement of the '883 patent by inducing others to make, use, offer for sale, or sell in the U.S. products or services covered by the '883 patent. Intuitive provides these products or services and provides instruction on their use to others, such as customers and partners, who provision for use, offer for sale, or sell in the U.S. products or services that directly infringe at least claim 1 of the '883 patent. *See, e.g.*, https://manuals. intuitivesurgical.com/c/document_library/get_file?uuid=38358098-3ebc-9c5d-2916-

a24b38721432&groupId=73750789; https://manuals.intuitivesurgical.com/c/document_library/
get_file?uuid=1aa972b4-2c00-9a6e-a525-8e8ebee387d5&groupId=73750789.

102.    Intuitive also contributes to the infringement of the '883 patent by others.
Intuitive knowingly provides products and services that, when configured by Intuitive's
customers, partners, agents, or affiliates, result in a system that directly infringes at least claim 1
of the '883 patent. These products and services have no substantial non-infringing uses or
include one or more separate and distinct components especially made or adapted for use in
infringement of the '883 patent that are not staple articles or commodities of commerce suitable
for substantial non-infringing use. *See, e.g.*, *id.*

103.    ASC has complied with any applicable marking and/or notice provisions of 35
U.S.C § 287 with respect to the '883 patent because ASC maintains a public web address
identifying the '883 patent at https://advancedsurgical.ie/patent-information/.

104.    ASC may recover pre-suit, lost profits, and any other available damages for
Intuitive's infringement of the '883 patent under 35 U.S.C § 287.

## Count IV
### (Infringement of U.S. Patent No. 11,202,653)

105.    ASC reincorporates the preceding paragraphs as if fully set forth herein.

106.    The '653 patent teaches an instrument access device for use in robotic surgery,
comprising a valve component, further comprising a main, robot-instrument-receiving valve
located on the center line of the valve component and at least one auxiliary valve located radially
outwardly of the main valve.

107.    The invention described in the '653 patent addresses the need to introduce
assisting instruments, such as forceps to hold back intraabdominal tissue, while continuing to

efficiently and effectively use the main robotic instrument.  Conventional access ports, as described above, did not allow for the insertion or manipulation of an assisting instrument at an entry point separate from that of the main instrument or instrument cluster. Instead, any assisting instrument had to be introduced through the same cannula hosting the main instrument, thereby impeding the operation of the main instrument. The access device described in the '653 patent ensures that the operation of the main instrument is not impeded by the introduction of an assisting instrument, and vice versa, by providing separate valves for the respective instruments.

108.    Intuitive has infringed and continues to infringe, literally or by the doctrine of equivalents, at least exemplary claim 1 of the '653 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '653 patent.

109.    Intuitive's products that infringe the '653 patent include, for example, its da Vinci SP Access Port Kit and da Vinci SP Advanced Access Port Kit.

110.    Intuitive's SP Access Ports are designed to enable "true single incision surgery by allowing instruments, endoscope, sutures, and insufflation to be introduced through the same incision." https://www.intuitive.com/en-us/-/media/ISI/Intuitive/Pdf/davinci-sp-6-things-to-know-factsheet.pdf. Intuitive advertises improved range of motion, improved retraction strength, and extended number of uses for endoscope and select instruments with SP Access Port. *See id*.

111.    Claim 1 of the '653 patent reads:

An instrument access device for use in robotic surgery, comprising:

    a base including an outer ring and a retraction portion; and

    a valve component mounted to the base, wherein a proximal portion of the retraction portion is positioned between the outer ring of the base and the valve component to maintain a position of the proximal portion relative to the base,

    wherein the valve component includes

a robot-instrument receiving valve, the robot-instrument-receiving valve having a central axis; and

at least one auxiliary valve, the at least one auxiliary valve having a central axis,

wherein the central axis of the at least one auxiliary valve is located radially outwardly of the central axis of the robot-instrument-receiving valve, and wherein a size of the robot-instrument-receiving valve is larger than a size of the at least one auxiliary valve.

112.    A claim chart showing an example of how Intuitive infringes the '653 patent accompanies this Complaint as Exhibit D-1.

113.    Intuitive also is currently and has been an active inducer of infringement of the '653 patent under 35 U.S.C § 271(b) and a contributory infringer under 35 U.S.C § 271(c).

114.    On information and belief, Intuitive has known about the '653 patent, or should have known but was willfully blind to its existence, since at least February 19, 2021, when Intuitive cited the '653 patent to the U.S. Patent & Trademark Office in Application No. 17/180,382. Alternatively, Intuitive has known about the '653 patent since at least March 29, 2022, when Intuitive disclosed the '653 patent to the U.S. Patent & Trademark Office in a Request for Continued Examination of Application No. 17/764,893. In no event is Intuitive's knowledge of the '653 patent later than the date of service of this Complaint.

115.    At least as early as Intuitive's knowledge of the '653 patent, Intuitive has indirectly infringed the '653 patent in the United States by inducement under 35 U.S.C § 271(b). Intuitive knowingly and intentionally induces infringement of the '653 patent by inducing others to make, use, offer for sale, or sell in the U.S. products or services covered by the '653 patent. Intuitive provides these products or services and provides instruction on their use to others, such as customers and partners, who provision for use, offer for sale, or sell in the U.S. products or services that directly infringe at least claim 1 of the '653 patent. *See, e.g.*, https://manuals.

intuitivesurgical.com/c/document_library/get_file?uuid=38358098-3ebc-9c5d-2916-a24b38721432&groupId=73750789; https://manuals.intuitivesurgical.com/c/document_library/get_file?uuid=1aa972b4-2c00-9a6e-a525-8e8ebee387d5&groupId=73750789.

116.    Intuitive also contributes to the infringement of the '653 patent by others. Intuitive knowingly provides products and services that, when configured by Intuitive's customers, partners, agents, or affiliates, result in a system that directly infringes at least claim 1 of the '653 patent. These products and services have no substantial non-infringing uses or include one or more separate and distinct components especially made or adapted for use in infringement of the '653 patent that are not staple articles or commodities of commerce suitable for substantial non-infringing use. *See, e.g.*, *id.*

117.    ASC has complied with any applicable marking and notice provisions of 35 U.S.C. § 287 with respect to the '653 patent because ASC maintains a public web address identifying the '653 patent at https://advancedsurgical.ie/patent-information/.

118.    ASC may recover pre-suit, lost profits, and any other available damages for Intuitive's infringement of the '653 patent under 35 U.S.C § 287.

**Count V**
**(Infringement of U.S. Patent No. 11,771,460)**

119.    ASC reincorporates the preceding paragraphs as if fully set forth herein.

120.    The '460 patent teaches a method of providing access to a patient for robotic surgery using an instrument access system, the method comprising inserting a robotically-controlled surgical instrument(s) into a main port (or valve) and introducing an auxiliary instrument into an auxiliary port (or valve), the auxiliary port being smaller than the main valve, and rotating the auxiliary port about the main robot-instrument-receiving port.

121.    The invention described in the '460 patent addresses the need to introduce assisting instruments, such as forceps to hold back intraabdominal tissue, while continuing to efficiently and effectively use the main robotic instrument.  Conventional access ports, as described above, did not allow for the insertion or manipulation of an assisting instrument at an entry point separate from or rotatable relative to that of the main instrument or instrument cluster. Instead, any assisting instrument had to be introduced through the same cannula hosting the main instrument, thereby impeding the operation of the main instrument. The access device described in the '460 patent ensures that the operation of the main instrument is not impeded by the introduction of an assisting instrument, and vice versa, by providing separate and rotatable valves for the respective instruments.

122.    Intuitive has infringed and continues to infringe, literally or by the doctrine of equivalents, at least exemplary claim 1 of the '460 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '460 patent.

123.    Intuitive's products that infringe the '460 patent include, for example, its da Vinci SP Access Port Kit and da Vinci SP Advanced Access Port Kit.

124.    Intuitive's SP Access Ports are designed to enable "true single incision surgery by allowing instruments, endoscope, sutures, and insufflation to be introduced through the same incision." https://www.intuitive.com/en-us/-/media/ISI/Intuitive/Pdf/davinci-sp-6-things-to-know-factsheet.pdf. Intuitive advertises improved range of motion, improved retraction strength, and an extended number of uses for endoscope and select instruments with SP Access Port. *Id*.

125.    Claim 1 of the '460 patent reads:

A method of providing access to a patient for robotic surgery using an instrument access system, the instrument access system including an access port having a proximal ring-shaped base, a distal ring, and a retracting sleeve extending

between the base and the distal right; and a proximal extension located proximal to the proximal base of the access port; the method comprising:

positioning the access port in an opening in a body;

retracting the opening in the body with the retracting sleeve;

inserting a plurality of robot instruments into a robot-instrument-receiving main port located in a proximal cap of the proximal extension; and

rotating an auxiliary port about the robot-instrument-receiving main port, the auxiliary port being smaller than the main port.

126.    A claim chart showing an example of how Intuitive infringes the '460 patent accompanies this Complaint as Exhibit E-1.

127.    Intuitive also is currently and has been an active inducer of infringement of the '460 patent under 35 U.S.C § 271(b) and a contributory infringer under 35 U.S.C § 271(c).

128.    On information and belief, Intuitive has known about the '460 patent, or should have known but was willfully blind to its existence, since at least March 29, 2022, when Intuitive disclosed the '460 patent to the U.S. Patent & Trademark Office in a Request for Continued Examination of Application No. 17/764,893. In no event is Intuitive's knowledge of the '460 patent later than the date of service of this Complaint.

129.    At least as early as Intuitive's knowledge of the '460 patent, Intuitive has indirectly infringed the '460 patent in the United States by inducement under 35 U.S.C § 271(c). Intuitive knowingly and intentionally induces infringement of the '460 patent by inducing others to make, use, offer for sale, or sell in the U.S. products or services covered by the '460 patent. Intuitive provides these products or services and provides instruction on their use to others, such as customers and partners, who provision for use, offer for sale, or sell in the U.S. products or services that directly infringe at least claim 1 of the '460 patent. *See, e.g.*, https://manuals. intuitivesurgical.com/c/document_library/get_file?uuid=38358098-3ebc-9c5d-2916-

a24b38721432&groupId=73750789; https://manuals.intuitivesurgical.com/c/document_library/get_file?uuid=1aa972b4-2c00-9a6e-a525-8e8ebee387d5&groupId=73750789.

130.    Intuitive also contributes to the infringement of the '460 patent by others. Intuitive knowingly provides products and services that, when configured by Intuitive's customers, partners, agents, or affiliates, result in a system that directly infringes at least claim 1 of the '460 patent. These products and services have no substantial non-infringing uses or include one or more separate and distinct components especially made or adapted for use in infringement of the '460 patent that are not staple articles or commodities of commerce suitable for substantial non-infringing use. *See, e.g.*, *id.*

131.    ASC may recover pre-suit, lost profits, and any other available damages for Intuitive's infringement of the '460 patent under 35 U.S.C § 287.

**Count VI**
**(Infringement of U.S. Patent No. 12,213,700)**

132.    ASC reincorporates the preceding paragraphs as if fully set forth herein.

133.    The '700 patent teaches an instrument access system for robotic surgery, in which robotically controlled surgical instruments are introduced into the abdominal cavity through a main port (or valve) of a valve component (also referred to as a cap), the valve component further including auxiliary ports for introducing assisting instruments that are smaller than, and rotatable about, the main port.

134.    The invention described in the '700 patent addresses the need for an access port device and system which facilitates the enhanced movement of multiple instruments, including robotically controlled surgical instruments. As described above, previous access port devices, including conventional cannulae, comprised only one port, which significantly limited a

surgeon's ability to manipulate multiple instruments without unwanted crossing of instruments and crowding the operative area. The '700 patent addresses these issues by teaching a valve component rotatable about a center line through the axis of the valve component. This configuration allows one or more auxiliary valves to be rotated relative to a main valve, thereby permitting additional assisting instruments to move freely without interference from the instrument positioned in the main valve, and vice versa.

135.    Intuitive has infringed and continues to infringe, literally or by the doctrine of equivalents, at least exemplary claim 1 of the '700 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '700 patent.

136.    Intuitive's products that infringe the '700 patent include, for example, its da Vinci SP Access Port Kit and da Vinci SP Advanced Access Port Kit.

137.    Intuitive's SP Access Ports are designed to enable "true single incision surgery by allowing instruments, endoscope, sutures, and insufflation to be introduced through the same incision." https://www.intuitive.com/en-us/-/media/ISI/Intuitive/Pdf/davinci-sp-6-things-to-know-factsheet.pdf. Intuitive advertises improved range of motion, improved retraction strength, and extended number of uses for endoscope and select instruments with SP Access Port. *See id*.

138.    Claim 1 of the '700 patent reads:

An instrument access system for robotic surgery, comprising:

>    a robotically controlled surgical instrument;

>    an access port including:

>    a longitudinal axis;

>    a proximal ring-shaped base for location externally of an opening in a body;

>    a distal ring for location within the opening in the body; and

>    a retraction sleeve extending between the proximal base and the distal ring; and

a proximal extension forming cavity proximal to the proximal ring-shaped base, the proximal extension including:

a cap located at the proximal end of the proximal extension, the cap including

a robot-instrument-receiving main port having a first diameter and being in a fixed location on the cap, the robot-instrument-receiving main port configured to receive the robotically controlled surgical instrument, and

an auxiliary port with a second diameter smaller than the first diameter of the robot-instrument-receiving main port;

a second auxiliary port, wherein the auxiliary port is rotatable about the robot-instrument-receiving main port without rotating the second auxiliary port; and

a sidewall between the ring-shaped base and cap, wherein the sidewall includes a sleeve portion, wherein a shortening of a length of the retraction sleeve between the proximal base and the distal ring does not require movement of the sidewall.

139.    A claim chart showing an example of how Intuitive infringes the '700 patent accompanies this Complaint as Exhibit F-1.

140.    Intuitive also is currently and has been an active inducer of infringement of the '700 patent under 35 U.S.C § 271(b) and a contributory infringer under 35 U.S.C § 271(c).

141.    On information and belief, Intuitive has known about the '700 patent, or should have known but was willfully blind to its existence, since at least March 29, 2022, when Intuitive disclosed the '700 patent to the U.S. Patent & Trademark Office in a Request for Continued Examination of Application No. 17/764,893. In no event is Intuitive's knowledge of the '700 patent later than the date of service of this Complaint.

142.    At least as early as Intuitive's knowledge of the '700 patent, Intuitive has indirectly infringed the '700 patent in the United States by inducement under 35 U.S.C § 271(b). Intuitive knowingly and intentionally induces infringement of the '700 patent by inducing others

to make, use, offer for sale, or sell in the U.S. products or services covered by the '700 patent. Intuitive provides these products or services and provides instruction on their use to others, such as customers and partners, who provision for use, offer for sale, or sell in the U.S. products or services that directly infringe at least claim 1 of the '700 patent. *See, e.g.*, https://manuals. intuitivesurgical.com/c/document_library/get_file?uuid=38358098-3ebc-9c5d-2916-a24b38721432&groupId=73750789; https://manuals.intuitivesurgical.com/c/document_library/ get_file?uuid=1aa972b4-2c00-9a6e-a525-8e8ebee387d5&groupId=73750789.

143.    Intuitive also contributes to the infringement of the '700 patent by others. Intuitive knowingly provides products and services that, when configured by Intuitive's customers, partners, or developers, result in a system that directly infringes at least claim 1 of the '700 patent. These products and services have no substantial non-infringing uses or include one or more separate and distinct components especially made or adapted for use in infringement of the '700 patent that are not staple articles or commodities of commerce suitable for substantial non-infringing use. *See, e.g.*, *id.*

144.    ASC may recover pre-suit, lost profits, and any other available damages for Intuitive's infringement of the '700 patent under 35 U.S.C § 287.

**Prayer for Relief**

WHEREFORE, Plaintiffs ask the Court to enter judgment as follows:

A.    Declare that Intuitive has infringed and continues to infringe each of the asserted patents identified in Counts I-VI;

B.    Award ASC damages in an amount to be proven at trial, but in no event less than a reasonable royalty, to compensate ASC for Intuitive's infringement, plus pre- and post-judgment interest at the maximum permissible rate;

C.      Award ASC treble damages, costs, and attorney's fees because of Intuitive's willful infringement under 35 U.S.C. § 284;

D.      Award ASC its costs, disbursements, and fees under 35 U.S.C. § 285;

E.      Permanently enjoin Intuitive, its officers, agents, affiliates, employees, attorneys, and all others acting in concert or along with Intuitive from infringing the asserted patents; and

F.      Award any other relief the Court deems just and proper.

<h3 style="text-align:center">Demand for Jury Trial</h3>

ASC demands a trial by jury for all triable claims under Fed. R. Civ. P. 38.

Respectfully submitted,

Dated: February 26, 2026

By: */s/ Patrick A. Fitch*
     Patrick A. Fitch (BBO No. 672797)
       pfitch@princelobel.com
     Adam R. Doherty (BBO No. 669499)
       adoherty@princelobel.com
     Robert R. Gilman (BBO No. 645224)
       rgilman@princelobel.com
     Brian M. Seeve (BBO No. 670455)
       bseeve@princelobel.com
     James C. Hall (BBO No. 656019)
       jhall@princelobel.com
     Amanda R. L'Esperance (BBO No. 713343)
       alesperance@princelobel.com
     Adriana E. Farias (BBO No. 715130)
       afarias@princelobel.com
     **Prince Lobel Tye LLP**
     One International Place, Suite 3700
     Boston, Massachusetts 02110
     Telephone:  +1 (617) 456-8000

     *Counsel for Advanced Surgical Concepts Limited and Atropos Limited*