UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Advanced Surgical Concepts Limited and Atropos Limited, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:26-cv-11010-IT |
| | * | |
| Intuitive Surgical, Inc., | * | |
| | * | **Jury Trial Demanded** |
| Defendant. | * | |

~~[PROPOSED]~~ PATENT SCHEDULING ORDER

TALWANI, D.J.

This scheduling order is intended to provide a reasonable timetable for discovery and claim construction in order to help ensure a fair and just resolution of this matter without undue expense or delay. All obligations set forth in Local Rule 16.6 shall apply, unless otherwise noted, with specific deadlines as set forth below.

## TIMETABLE FOR DISCOVERY AND MOTION PRACTICE

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(f) and 16.6, it is hereby ORDERED that:

**Protective and ESI Orders.**

1. **Protective Order.** A stipulated protective order or competing proposals must be submitted by October 30, 2026.

2. **ESI Order.** A stipulated ESI order or competing proposals must be submitted by November 23, 2026.

**Preliminary Disclosures.**

3. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this court's Notice of Scheduling Conference must be completed by December 7, 2026.

4. **Automatic Patent-Related Disclosures.**

    a. **Patentee's Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production.** Disclosures required under N.D. Cal. Patent L.R. 3-1, 3-2 shall be served by December 7, 2026.

b. **Conference Concerning Preliminary Patent Disclosures.** The conference required by Local Rule 16.6(d)(2), to the extent necessary for compliance with the disclosures required by the N.D. Cal. Patent L.R., shall occur no later than December 21, 2026.

c. **Accused Infringer's Invalidity Contentions and Accompanying Document Production.** Disclosures required under N.D. Cal. Patent L.R. 3-3, 3-4 shall be served by January 29, 2027.

**Claim-Construction Proceedings.**

5. **Joint Statement.**

a. The list of proposed claim terms for construction required under N.D. Cal. Patent L.R. 4-1(a) shall be exchanged by February 12, 2027.

b. The conference concerning limiting the terms in dispute and jointly identifying the 10 terms likely to be most significant to resolving the parties' disputes as required under N.D. Cal. Patent L.R. 4-1(b) shall occur no later than February 26, 2027.

c. No later than March 5, 2027, the parties shall simultaneously exchange proposed constructions and identify extrinsic evidence as required under N.D. Cal. Patent L.R. 4-2(a)-(b).

d. The conference concerning proposed claim constructions required under N.D. Cal. Patent L.R. 4-2(c) shall occur no later than March 29, 2027.

e. The Joint Claim Construction and Prehearing Statement required under N.D. Cal. Patent L.R. 4-3 shall be filed, and any claim-construction expert reports required under N.D. Cal. Patent L.R. 4-3 shall be served, no later than April 5, 2027. No more than 10 claim terms shall be submitted for construction unless leave to do so is granted by the Court for good cause.[1] The joint statement shall prioritize the disputed terms in order of importance. In addition, the joint statement shall note the anticipated length of time necessary for the claim-construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence. The joint statement shall also include a proposed order in which parties will present their arguments at the claim-construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

6. **Completion of Claim Construction Discovery.** Not later than May 5, 2027, the parties shall complete all discovery relating to claim construction required under N.D. Cal. Patent L.R. 4-4.

---

[1] If the parties are unable to agree upon the terms to be construed, the parties shall include those terms they agree upon and may include additional terms pursuant to the following equation: additional terms $\leq 0.5$ (10 – number of agreed-upon terms).

7. **Opening Claim-Construction Brief.** Not later than May 20, 2027, Plaintiffs shall file the opening claim-construction brief required under N.D. Cal. Patent L.R. 4-5(a).

8. **Responsive Brief.** Not later than June 17, 2027, the Defendant shall file the responsive brief required under N.D. Cal. Patent L.R. 4-5(b).

9. **Reply Brief.** Not later than July 1, 2027, Plaintiffs shall file the reply brief required under N.D. Cal. Patent L.R. 4-5(c).

10. **Tutorials for Markman Hearing.** At the Court's request, the parties may exchange and file tutorials for the claim-construction hearing.

11. **Markman Hearing.** The claim-construction hearing will be held on July 15, 2027, or as set by the clerk for a date after reply briefs are filed.

12. **Post-Claim-Construction Status Conference.** Within fourteen days after the court's claim-construction ruling, the parties shall file a joint statement addressing the issues listed in Local Rule 16.6(c)(3) and stating whether a status conference would be beneficial.

**Damages Contentions.**

13. **Damages Contentions.** Not later than March 22, 2027, Plaintiffs shall serve damages contentions required under N.D. Cal. Patent L.R. 3-8.

14. **Responsive Damages Contentions.** Not later than April 21, 2027, Defendant shall serve responsive damages contentions required under N.D. Cal. Patent L.R. 3-9.

15. **Damages Contentions Meeting.** Not later than June 21, 2027, the parties shall hold the conference required under N.D. Cal. Patent L.R. 3-10.

16. **Damages Contentions Certification.** The parties shall submit a damages meeting certification required under N.D. Cal. Patent L.R. 3-10(b) by June 21, 2027.

**Other Scheduling Provisions.**

17. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after August 12, 2027.

18. **Advice of Counsel.** Not later than 30 days after the Court's claim-construction ruling, each party relying upon advice of counsel as part of a patent-related claim or defense shall make the disclosures required under N.D. Cal. Patent L.R. 3-7.

19. **Fact Discovery.**

    a. All requests for production of documents and interrogatories must be served by January 14, 2028.

    b. All requests for admission must be served by January 14, 2028.

c. All depositions, other than expert depositions, must be completed by February 14, 2028.

d. All discovery, other than expert discovery, must be completed by February 14, 2028.

e. Pursuant to N.D. Cal. L.R. 37-3, all motions related to fact discovery must be filed by February 22, 2028.

20. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

21. **Close of Fact Discovery Status Conference.** A status conference will be held on or about the end of fact discovery.

22. **Expert Discovery.**

a. Opening expert reports on issues for which a party bears the burden of proof, including the information contemplated by Fed. R. Civ. P. 26(a)(2), must be served by March 31, 2028.

b. Rebuttal expert reports, including the information contemplated by Fed. R. Civ. P. 26(a)(2), must be served by May 17, 2028.

c. All expert discovery, including expert depositions, must be completed by June 30, 2028.

23. **Dispositive and *Daubert* Motions.** Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, and *Daubert* motions must be filed by July 28, 2028.

a. Responses to dispositive motions and *Daubert* motions must be filed by August 25, 2028.

b. Replies in support of dispositive motions and *Daubert* motions must be filed by September 8, 2028.

24. **Pretrial.**

a. Pretrial disclosures must be filed by October 6, 2028.

b. A meet and confer regarding the joint pretrial memorandum must be held by October 23, 2028.

c. A joint pretrial memorandum must be filed by October 30, 2028.

d. The final pretrial conference will be held on November 6, 2028, or as set by the Court.

25. **Trial Brief.** The trial brief required under L.R. 16.5(f) must be filed by December 4, 2028.

26. **Trial.** Trial shall be held on December 11, 2028, or as set by the Court.

## PROCEDURAL PROVISIONS.

27. **Extension of Deadlines.** All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

    If the requested extension or modification affects any other scheduled dates, a represented party must submit a proposed revised scheduling order using this template. (A pro se party may, but is not required to, submit a proposed revised scheduling order.)

    Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

28. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

29. **Status Conferences.** The court will schedule a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that an additional status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

30. **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.

31. **Early Resolution of Issues.** The court recognizes that, in some cases, early resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to confer and jointly advise the court of any such issues.

32. **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

33. **Discovery Disputes.** Counsel encountering a discovery dispute are encouraged to request a conference with the court before filing a discovery motion. Counsel who

opt to file a discovery motion shall comply with the court's Standing Order on Discovery Disputes.

United States District Judge